James T. Tucker, Esq.
Nevada Bar No. 0012507
**ARMSTRONG TEASDALE LLP**
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone: (702) 678-5070
Facsimile: (702) 878-9995
jtucker@armstrongteasdale.com

*Attorneys for Defendant Papillon Airways, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAN JOHNSON, an individual,<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PAPILLON AIRWAYS, INC., d/b/a PAPILLON GRAND CANYON HELICOPTERS, an Arizona Corporation,<br>　　　　　　　Defendant. | CASE NO:　2:15-cv-01261-LDG-PAL<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　　Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff DAN JOHNSON, by and through his counsel MICHAEL P. BALABAN, ESQ., and Defendant PAPILLON AIRWAYS, INC., d/b/a PAPILLON GRAND CANYON HELICOPTERS (hereinafter "PAPILLON"), by and through its counsel ARMSTRONG TEASDALE LLP, hereby stipulated to the following Protective Order, subject to the approval of the Court.

　　　　WHEREAS, Plaintiff and Defendant (collectively referred to as the "Parties") each seek production of or intend to produce records and documents ("documents") pertaining to persons who are not parties to this litigation;

　　　　WHEREAS, one or more of the Parties may contend that certain documents to be produced may contain privileged, confidential, or other sensitive information, the public disclosure of which could cause irreparable harm;

　　　　WHEREAS, the Parties jointly desire to use a mechanism to preserve the privileged or confidential nature of those documents or to otherwise ensure that documents containing sensitive information are not used or disclosed for purposes unrelated to this litigation;

WHEREAS, the Parties jointly desire to ensure that privileged, confidential, or sensitive information included in the documents that are produced is not disclosed to any party whose knowledge or use of that information is either unnecessary to the litigation, may result in harassment to any person, or would otherwise be prohibited under applicable federal, state, or local law;

WHEREAS, the protection of the documents that are produced and which contain privileged, confidential, or sensitive information is in the public interest;

THEREFORE, IT IS HEREBY STIPULATED AND AGREED between the Parties, by and through their respective attorneys of record, as follows:

1. Documents or things or information produced or otherwise furnished by any of the Parties (whether produced informally, through discovery, or through an executed release agreement) that contain confidential, privileged, or sensitive information may be designated "CONFIDENTIAL" by the producing party, a party who is the original source of the documents or information, or by a party or other person who has executed a release or authorization that resulted in the production of the documents or information. Any party or person who wants to designate documents or things or information as "CONFIDENTIAL" must effectuate that designation by stamping or marking on the documents or other material the term "CONFIDENTIAL." Those documents or other matters must be maintained by the other parties to this action and their counsel in confidence and used only for the purposes of this litigation.

2. Documents or other materials designated as "CONFIDENTIAL" must be restricted to the following persons:

   a. The Court (including courts of review) and any person normally incident to disclosure to the Court, such as, but not limited to: court reporters and/or clerks of the court. The party disclosing the confidential records or things to the Court or for the purpose of having those records or things become a part of the permanent case record must do so <u>under seal</u>.

   b. Any certified shorthand or court reporters retained to report a deponent's testimony taken in this litigation.

/ / /

/ / /

/ / /

    c. Counsel who have appeared of record for any party in this case and have signed this Stipulated Protective Order and counsel's support staff, including any attorneys or staff who are regularly employed by or retained by the party's counsel, and who are actively engaged in assisting such counsel with respect to this litigation.

    d. Each party to this litigation, a designated member of any such party's general counsel's office, and legal administrative staff to the designated member of the general counsel's office.

    e. Persons shown on the face of a document to have authored or received it.

    f. Employees, former employees (but only to the extent necessary to prepare for deposition or assist in preparation of discovery responses by their former employer) or other agents of the producing party.

    g. Retained experts, advisors, and consultants (including persons directly employed by such experts, advisors, and consultants), but only to the extent necessary to perform their work in connection with this Claim. Such retained experts, advisors, and consultants will be required to review a copy of this Stipulated Protective Order and sign a copy of the "Acknowledgment and Agreement to be Bound" included as Attachment A to this Stipulated Protective Order prior to being provided with copies of the confidential records or things, as described in Paragraph 9.

    h. Any person whom the Parties agree, in advance and in writing, may receive such protected information, provided that the person has reviewed a copy of this Stipulated Protective Order and signed a copy of the "Acknowledgment and Agreement to be Bound" included as Attachment A to this Stipulated Protective Order prior to being provided with copies of the confidential records or things, as described in Paragraph 9.

  3. A party may also designate as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in whole or in part, materials which contain sensitive information or information for which disclosure is restricted under applicable federal, state, or local law, or for which disclosure to any party whose knowledge or use of that information is either unnecessary to the litigation, may result in harassment to any person, or would otherwise be prohibited under applicable federal, state, or local law. Such designation must be made by marking the documents or material (or part(s) thereof)

in a conspicuous manner. The marking must state "CONFIDENTIAL-ATTORNEYS' EYES ONLY" or some similar marking. Access to materials designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and to any portion of any transcript, brief, affidavit, memorandum or other paper or thing that contains, reveals or refers to materials so designated is limited to those persons set forth in paragraphs 2(b), 2(c), 2(e), 2(f), and 2(g) above; a designated member of a party's general counsel's office, if applicable; and legal administrative staff to the designated member of the general counsel's office. ~~To the extent that any such items are filed with the Clerk of Court or with the Court, they must be placed in an envelope marked "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and sealed. Such sealed envelopes must be opened only by the Clerk of Court or by the Court, or their agents.~~

[Margin note: The parties shall comply with LR 10-5(b).]

4. Any copies, photographs, depictions, excerpts, notes concerning, or other information generated from an inspection of the matters designated "CONFIDENTIAL," or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" must be treated in the same manner.

5. If any party intends to file with the Court or offer into evidence any document claimed to reflect Confidential information, the filing Party shall file a motion to seal in compliance with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and the Court's electronic filing procedures provided for in Rule 10-5(b) of the Local Rules of Practice of the United States District Court, District of Nevada, which provides that,

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.* The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to nondispositve motion must show good cause exists to overcome the presumption of public access. *Kamakana*, 447 F.3d at 1179. Parties seeing to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180. If the sole ground for a motion to seal is that the party who has produced Confidential information has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify that party at least seven day prior to filing the designated document. The party who has produced Confidential information must then make a good faith determination if the relevant standard for sealing is met. To the extent the party who has produced Confidential information does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the party who has produced Confidential information believes that relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the party who has produced Confidential information fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.[1]

      6.     In the case of a deposition:

          a.     Deposition testimony must be deemed temporarily designated as "CONFIDENTIAL," provided that within thirty (30) days after receipt of the transcript, counsel must review the transcript and designate only those pages of the transcript which the designating party believes constitute, reflect or disclose confidential information. If no specific designation is made, the entire transcript will be deemed **not** confidential.

---

[1] In the event of an emergency motion, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the party who has produced Confidential information shall file a declaration in support of that motion to seal within three days of its filing. If the designating party fails to timely file such a declaration, the Court may order the document filed in the public record.

   b. Counsel for any party or the witness may designate that information disclosed during a deposition is to be treated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by indicating on the record of the deposition and requesting the preparation of a separate transcript of such material.

   c. When information or documents designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" are disclosed or discussed during a deposition, counsel for the witness or any party who may be affected by disclosure has the right to exclude from attendance during that portion of the deposition any person who is not entitled to receive such "CONFIDENTIAL - ATTORNEYS' EYES ONLY information or documents pursuant to this Stipulated Protective Order.

  7. Documents or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," may be used in connection with hearings before the Court. Transcripts or portions thereof which record hearing testimony concerning confidential documents or information may be marked as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by any party within thirty (30) days after receiving the hearing transcript. The party wishing to make such designation must advise all other parties, and the designated portion(s) of the hearing transcript must thereafter be treated as subject to the terms of this Stipulated Protective Order.

  8. Subject to the terms of this Stipulated Protective Order and applicable rules of evidence, documents or other materials designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be offered at the trial of this matter for consideration by the trier of fact.

  9. Neither the Parties nor their counsel must disclose or permit the disclosure of the documents or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to anyone other than those persons authorized by either Paragraph 2 or Paragraph 3 of this Stipulated Protective Order, whichever is applicable to the particular documents or information.

/ / /

/ / /

10. Except for the Parties themselves and their counsel of record (including counsel's support staff, which includes any attorneys or staff who are regularly employed by or retained by the party's counsel, and who are actively engaged in assisting such counsel with respect to this litigation), all persons to whom any information subject to this Stipulated Protective Order is disclosed must, prior to any disclosure to them, be provided a copy of this Stipulated Protective Order, review the Stipulated Protective Order, and sign a copy of the "Acknowledgment and Agreement to be Bound" included as Attachment A to this Stipulated Protective Order. The signed Acknowledgment and Agreement to be Bound need not be provided to opposing counsel, except as ordered by the Court.

11. Nothing contained in this Stipulated Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using any matter not subject to this Stipulated Protective Order and not designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

12. If any party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by another party reclassified, the Parties will confer and try to reach agreement. If the Parties cannot reach agreement, the party seeking to reclassify may seek appropriate relief from the Court, with the party seeking to maintain the "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation bearing the burden to establish its claim of confidentiality.

13. If a party inadvertently produces information subject to any privilege, the recipient, upon notice from the producing party of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all materials and documents incorporating or referring to such documents.

14. Upon the final conclusion of this litigation, including any appeal, or upon the settlement and/or dismissal of the litigation, all documents and things or information subject to this Stipulated Protective Order shall be returned to the party which produced them, or shall be destroyed. Counsel for the Parties may preserve work product and privileged documents in their permanent files even though such documents may reflect or contain confidential documents or information. The conclusion of this litigation shall not relieve any person or party from any of the

requirements imposed by this Stipulated Protective Order.

15. Any non-party subpoenaed or requested to produce documents and things or information, or to give deposition testimony, shall have the full benefits and protections of this Stipulated Protective Order, and may designate documents or deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in the manner, and subject to the same protections, set forth above.

16. Nothing contained in this Stipulated Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party or third party that any particular information is or is not "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" matter within the contemplation of the law or prejudice in any way the right of any party or third-party to seek a Court determination of whether or not any particular materials should be disclosed or if disclosed whether or not it should be subject to the terms of this Stipulated Protective Order.

17. Disclosure or use of documents or things or information designated as "CONFIDENTIAL," or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" other than in accordance with the terms of this Stipulated Protective Order may subject the disclosing person to such sanctions and remedies as a Court of proper jurisdiction may deem appropriate.

18. The relevance or admissibility of this Stipulated Protective Order for any purpose in this litigation is reserved for the future decision of the Court.

19. The provisions of this Stipulated Protective Order shall not preclude any party from seeking from the Court, for good cause shown, additional protections or limitations on the use of certain documents or information as permitted by Federal Rule of Civil Procedure 26(c).

20. The terms of this Stipulated Protective Order shall survive and remain in effect after the termination of this litigation and any related litigation.

21. The Court specifically retains jurisdiction over any issuing arising under this Stipulated Protective Order or otherwise pertaining to the use or disclosure of documents or things or information covered by this Stipulated Protective Order.

/ / /

/ / /

/ / /

22. In the event of breach of this Protective Order, the parties expressly acknowledge that the non-breaching party shall be entitled to specific performance of the terms of this Protective Order or other injunctive relief.

**IT IS SO STIPULATED.**

DATED this 18th day of February, 2016.       DATED this 18th day of February, 2016.

LAW OFFICES OF MICHAEL P. BALABAN       ARMSTRONG TEASDALE LLP

By: */s/ Michael P. Balaban, Esq.*              By: */s/ James T. Tucker, Esq.*
    MICHAEL P. BALABAN, ESQ.                   JAMES T. TUCKER, ESQ.
    Nevada Bar No. 9370                                  Nevada Bar No. 12507
    10726 Del Rudini Street                              3770 Howard Hughes Parkway, Suite 200
    Las Vegas, NV  89141                               Las Vegas, Nevada 89169

    *Attorneys for Plaintiff*                                  *Attorneys for Defendant Papillon Airways, Inc.*

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATE: February 22, 2016

## ATTACHMENT A:

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I hereby acknowledge that I may receive information designated as "Confidential" from counsel to a party to this litigation. I hereby certify my understanding that such information will be provided to me pursuant to the terms and restrictions of the above Stipulated Protective Order that has been entered by the Court; that I have been given a copy of, and have read and understand, such Stipulated Protective Order; that I agree to be bound by the terms thereof; and that I irrevocably submit to the personal jurisdiction of the Court in connection with any proceeding to enforce the Stipulated Protective Order that may involve me.

**ACKNOWLEDGED AND AGREED:**

**Signature:** _____

**Printed Name:** _____

**Address:** _____

**Employer:** _____

**Job Title:** _____

**Dated:** _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2016, the foregoing **STIPULATED PROTECTIVE ORDER** was served on the party(ies) Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures ☒ via electronic service <u>or</u> ☐ by mailing a copy thereof, first class mail, postage prepaid, to:

> Michael P. Balaban, Esq.
> Law Office of Michael P. Balaban
> 10726 Del Rudini Street
> Las Vegas, Nevada 89141
> *Attorney for Plaintiff*

By: */s/ Foniah K. Abbott*
Foniah K. Abbott, an employee of
Armstrong Teasdale LLP